J-S17040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGELA C. WALDRON | |
| Appellant | No. 1734 WDA 2014 |

Appeal from the PCRA Order October 14, 2014
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0001033-2005

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED MARCH 18, 2015**

Appellant, Angela C. Waldron, appeals from the order entered in the Crawford County Court of Common Pleas, denying as untimely her first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On May 17, 2006, a jury convicted Appellant of first-degree murder and related offenses.  On June 16, 2006, the court sentenced Appellant to life imprisonment without the possibility of parole, and this Court affirmed the judgment of sentence on August 2, 2007.  ***See Commonwealth v. Waldron***, 935 A.2d 25 (Pa.Super. 2007).  On February 19, **2013**, trial counsel responded to a letter from Appellant and informed her that trial counsel had not filed a petition for allowance of appeal on Appellant's behalf.  Appellant filed a *pro se* PCRA petition on February 27,

_____

*Former Justice specially assigned to the Superior Court.

**2014**. On March 3, 2014, the PCRA court appointed counsel, who filed an amended petition. The PCRA court conducted a hearing and later denied Appellant's petition as untimely on October 14, 2014. Appellant timely filed a notice of appeal on October 16, 2014. The PCRA court ordered Appellant to file a Rule 1925(b) concise statement, and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. §9545(b)(1)(i)-(iii) (including (i) interference of government officials, (ii) discovery of new facts, and (iii) recognition of new constitutional right, held to apply retroactively). A petitioner asserting a timeliness exception must also file a petition within 60 days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of

a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

Instantly, Appellant's judgment of sentence became final on September 1, 2007, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. **See** Pa.R.A.P. 1113. Appellant filed her current PCRA petition on February 27, 2014, more than six years after her judgment of sentence became final; thus, Appellant's petition is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "governmental interference" and "new facts" exceptions to the PCRA timeliness requirement. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii). Specifically, Appellant alleges she did not learn of trial counsel's failure to file a petition for allowance of appeal until Appellant received trial counsel's February 19, 2013 letter, and limited access to the prison library prevented Appellant from filing her PCRA petition at an earlier date. Appellant failed to file her PCRA petition within 60 days of receiving counsel's letter, and she only baldly asserts her limited access to the prison library constituted governmental interference. **See** 42 Pa.C.S.A. § 9545(b)(2); ***see also Gamboa-Taylor, supra***. Therefore, Appellant's petition remains time-barred. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

- 3 -

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/18/2015</u>